UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
GEORGITSI REALTY, LLC,                          :
                                                :     **MEMORANDUM AND ORDER**
                Plaintiff,          :     **ADOPTING REPORT AND**
                                                :     **RECOMMENDATION**
            -against-                       :     08-CV-4462 (DLI)(RML)
                                                :
PENN-STAR INSURANCE COMPANY,                    :
                                                :
                Defendant.          :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Georgitsi Realty, LLC ("Plaintiff") brought this action for indemnification and reimbursement for losses and damages sustained to Plaintiff's property. Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and Plaintiff opposed the motion. U.S. Magistrate Judge Robert M. Levy issued a Report and Recommendation ("R & R"), dated August 30, 2011, recommending that Defendant's motion for summary judgment be granted. (*See* Docket Entry No. 25.) Plaintiff objected. For the reasons set forth below, the R & R is adopted and Defendant's motion for summary judgment is granted.

## DISCUSSION[1]

**I.    Legal Standard**

    *A.  Summary Judgment*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372,

---

[1] Familiarity with the facts and background of this matter as set forth in the R & R is assumed, and, thus, shall not be repeated herein. Only those facts necessary to the discussion shall be set forth herein.

1

380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

    *B. Review of R & R*

Where a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). Portions of the R & R to which the parties have not objected are reviewed for clear error. *See Orellana v. World Courier, Inc.*, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

**II. Analysis**

Plaintiff objects to the magistrate judge's finding that there are no material issues of fact regarding whether the vandalism and mischief provision[2] of the peril insurance policy at issue here, (the "Policy"), provides coverage for damages to Plaintiff's property, (the "Building"), resulting from work undertaken by the adjacent property owner and excavator. Specifically, Plaintiff disputes the magistrate judge's finding that there can be no inference of malicious and willful intent by the adjacent property owner or excavator toward the Building. (*See* Plaintiff's Objections to the R & R ("Obj. to R & R") at 3-7.) Thus, the court will review *de novo* Defendant's motion with respect to whether there is an issue of material fact as to the existence

---

[2] Vandalism is defined in the Policy as "willful and malicious damage to, or destruction of, the described property." (Affidavit of Robert Massaro ("Massaro Aff."), Ex. A.)

of malicious and willful intent by the adjacent property owner and excavator. *See* FED. R. CIV. P. 72(b); *Male Juvenile*, 121 F. 3d at 38.

Plaintiff does not object to the magistrate judge's findings that Plaintiff: (i) has not met its burden of showing that the sinkhole provision of the Policy is applicable to its losses; and (ii) lacks proof that the adjacent property owner and excavator acted recklessly. (*See* R & R at 6-9.) Upon due consideration, the court finds there was not clear error in those findings and, accordingly, adopts the R & R as to these issues. *See Orellana*, 2010 WL 3861013 at *2.

A. Standard of Law

As accurately set forth by the magistrate judge, "[t]he initial interpretation of a contract is a matter of law for the court to decide." *Morgan Stanley Group, Inc. v. New England Ins. Co.*, 225 F. 3d 270, 275 (2d Cir. 2000) (citation and internal quotation marks omitted). "[U]nder New York law[,] . . . a policyholder bears the burden of showing that the insurance contract covers the loss, *id.* at 276 (citations omitted), and "[i]n order to obtain coverage under a first-party [insurance] policy, the insured must suffer a loss caused by a covered peril (in a named perils policy) . . .," *Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co.*, 472 F. 3d 33, 48 (2d Cir. 2006).

B. Vandalism

The Policy insures the Building against losses caused by vandalism, which is defined as "willful and malicious damage to, or destruction of, the described property. (Massaro Aff., Ex. A.) Plaintiff argues that an issue of fact exists as to whether the damage to the Building caused by the adjacent property owner or its contractors was willful or malicious. (Obj. to R & R at 3-5; *see also id.* at 5-6 ("[o]ne very clear indication of [the] willful conduct is that the adjacent property owner and the excavator continuously and repeatedly pleaded guilty to the

3

Summonses served upon them by the New York City Department of Buildings.").) The court disagrees with Plaintiff, and instead agrees with the magistrate judge that there are no issues of material fact because the clear language of the Policy prohibits coverage here.

The Policy clearly states that the willful and malicious damage or destruction must be to "the described property," which, in the instant action, is the Building. Plaintiff does not allege that the adjacent property owner or excavator acted with deliberate intent to damage or destroy *the Building*, and, thus, under the undisputed facts of the instant action and clear language of the Policy, Plaintiff is not entitled to coverage under the vandalism provision of the Policy. Plaintiff provides no case law to the contrary and, although Plaintiff cites several cases in support of its argument, they are inapposite.

Plaintiff relies primarily on *McGroarty v. Great Am. Ins. Co.*, 36 N.Y. 2d 358 (1975), in which the court held that there was a question of material fact as to whether the insurance policy covered the damages sustained by the plaintiff. However, the policy at issue in *McGroarty,* which insured against liability "damages because of injury to or destruction of property including the loss of the use thereof caused by accident," is clearly distinguishable from the Policy in the instant action, which specifically states that the willful and malicious damage must be *to the described property*. Moreover, the *McGroarty* court's focus on whether the term "accident" in the policy could include the unintended fruits of willful conduct was different from the analysis required here, *i.e.*, whether the intentional conduct of an adjacent property owner *towards their own property* that may have resulted in damage to Plaintiff's property, constitutes willful and malicious damage *to Plaintiff's property*.

The remaining cases cited by Plaintiff in its objections to the R & R fail to address whether the effect of the conduct taken by the adjacent property owner and excavator constitutes

"willful or malicious intent" to Plaintiff's property, as required for coverage under the Policy here. Instead, they merely hold that: (i) whether the conduct at issue constitutes wonton or willful conduct sufficient for punitive damages to apply, is a factual inquiry best resolved by the trier of fact, *see Ray Larsen Associates, Inc. v. Nikko Am., Inc.*, 1996 WL 527343 (S.D.N.Y. Sept. 17, 1996); *Imi Sys. Inc. v. Sterling Software, Inc.*, 1991 WL 222107 (S.D.N.Y. Oct. 18, 1991); *Home Ins. Co. v. Am. Home Products Corp.*, 75 N.Y. 2d 196 (1990); *Gilbin v. Murphy*, 73 N.Y. 2d 769 (1988); and (ii) there is no duty to defend or indemnify the insured where the policy expressly excludes coverage for injuries expected or intended by the insured, *see Pennsylvania Millers Mut. Ins. Co. v. Rigo*, 256 A.D. 2d 769 (3d Dep't 1998); *Utica Fire Ins. Co. of Oneida County, N.Y. v. Shelton*, 226 A.D. 2d 705 (2d Dep't 1996); *Pistolesi v. Nationwide Mut. Fire Ins. Co.*, 223 A.D. 2d 94 (1996); *Town of Moreau v. Orkin Exterminating Co.*, 165 A.D. 2d 415 (3d Dep't 1991). *See also Public Serv. Mut. Ins. Co. v. Goldfarb*, 53 N.Y. 2d 392 (1981) (finding that whether the insurance policy provides coverage for an alleged sexual assault of a patient by the covered doctor, is an issue for the trier of fact).

Accordingly, Plaintiff has failed to show that any material issues of fact exist as to whether the construction and excavation work undertaken by the adjacent property owner constitutes willful and malicious damage to, or destruction of, Plaintiff's property, as required for coverage of its property due to vandalism.[3]

---

[3] Plaintiff also argues in its Objections to the R & R that "it is likewise a question to be determined by the triers of the fact whether the notice by the Plaintiff was timely and whether it caused any prejudice to the Defendant." (Obj. to R & R at 8.) The court finds as a matter of law that the Policy does not cover the injury here and, thus, need not address the issue of proper notice.

## **CONCLUSION**

For the reasons discussed above, the R & R is adopted in its entirety. Defendant's motion for summary judgment is granted and this action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2011

/s/
DORA L. IRIZARRY
United States District Judge