UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEORGITSI REALTY, LLC,

               Plaintiff,

-against-

PENN-STAR INSURANCE COMPANY,

               Defendant.

**MEMORANDUM AND ORDER**
08-CV-4462 (LDH) (ST)

L SHANN D EARCY HALL, United States District Judge:

    Plaintiff Georgisti Realty, LLC ("Georgitsi") brings the instant action seeking to compel Defendant Penn-Star Insurance Company ("Penn-Star") to cover damages to its property. Defendant moves pursuant to Federal Rule of Procedure 56 to dismiss Plaintiff's claims.

    For the reasons set forth below, Defendant's motion for summary judgment is granted.

## UNDISPUTED FACTS[1]

    Georgitsi owns a multi-tenant apartment building located at 1502 8th Avenue, in Brooklyn, New York (the "Building"). (Def.'s Resp. to Pl.'s 56.1 Stmt., ¶ 3, ECF No. 67.) Penn-Star issued a "named peril" policy of insurance to Georgitsi for the period July 9, 2007 to July 9, 2008, for the Building (the "Policy"). (Pl.'s Resp. to Def.'s 56.1 Stmt., ¶ 6, ECF No. 69.) The Policy covers "direct physical loss of or damage to" the Building that is caused by or results from one of fourteen covered causes. (*Id.* ¶¶ 8-9.) The Policy "cover[s] loss or damage commencing . . . [d]uring the policy period." (Aff. of Robert Massaro in Supp. of Mot. for Summ. J. ("Massaro Aff."), Ex. A at 15, ECF No. 71-1.)

---

[1] The following facts are undisputed unless otherwise noted.

- 1 -

In its July 2007 application for the Policy, Georgitsi informed Defendant that construction at an adjacent property had caused $10,000 worth of damage to the Building. (Massaro Aff., Ex. B at 3, ECF No. 71-2.) On December 21, 2007, Georgitsi notified Penn-Star by fax, through an affiliate, that they were "experiencing damage to our building which appears to be caused by construction activities on an adjoining property." (Massaro Aff., Ex. C at 4, ECF No. 71-3.) On January 4, 2008, Georgitsi provided additional information to Penn-Star related to damage to its building, informing Penn-Star that an engineer had discovered additional damage in the Building. (Massaro Aff., Ex. D, ECF No. 71-4, *4.) On May 1, 2008, Penn-Star declined to cover the losses claimed by Georgitsi. (Pl.'s Resp. to Def.'s 56.1 Stmt. ¶ 30.)

**STANDARD OF REVIEW**

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. At summary judgment, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325.

Once the movant meets that burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 248; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The

court is to view all facts in the light most favorable to the non-movant, drawing all reasonable inferences in its favor. *Anderson*, 477 U.S. at 255. To survive summary judgment, the non-movant must present concrete evidence and rely on more than conclusory or speculative claims. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) ("The litigant opposing summary judgment . . . 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial.").

## DISCUSSION

"It is well established under New York law that a policyholder bears the burden of showing that the insurance contract covers the loss." *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000). Defendant argues that Plaintiff's claim is barred by the plain language of the Policy because Plaintiff has failed to provide any evidence that the cause of loss occurred during the Policy period.[2] (Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 24-29, ECF No. 85-1.) The Court agrees.

The parties do not dispute that the damage sustained by Georgitsi's building was caused by construction and excavation on an adjacent property and that this construction caused at least some damage to Georgitsi's building before the Policy period. (*See* Pl.'s Resp. to Def.'s 56.1 Stmt., ¶¶ 18; Massaro Aff., Ex. B at 3.) Problematically for Plaintiff, however, the record establishes that that the construction and excavation ceased before the Policy period began. Specifically, Defendants point to a report completed on behalf of the company that funded the construction which indicated that all excavation work was "substantially complete with only 1-2 days remaining" as of June 18, 2007. (Decl. of Steven Verveniotis in Supp. of Mot. for Summ. J. ("Verveniotis Decl."), Ex. Q at 2, ECF No. 73-2.) Defendants also cite to a document

---

[2] Plaintiff's brief in support of summary judgment inexplicably fails to address Defendant's argument on this ground.

indicating that as of July 6, 2007—three days before the commencement of the Policy period—the "contract for the foundation is 100% complete." (*Id.*, Ex. R, ECF No. 73-3.)

Conversely, Plaintiff provides no evidence to support the contention that the excavation and construction—the relevant cause of loss here—occurred during the Policy period. Indeed, the only evidence cited by Plaintiff in support of this claim is a January 4, 2008 notice to Penn-Star reporting that Plaintiff's engineer found "new cracks" in the Building in December 2007. (Massaro Aff., Ex. D at 4.) Not only is this document potentially hearsay and therefore inadmissible, but it does not support the contention that any cause of loss commenced before July 2007. Instead, this evidence only indicates that the cause of loss commenced before December 2007.

Further, Plaintiff's responses to Defendant's well-supported contentions are legally deficient. In responding to Defendant's 56.1 Statement, Plaintiff simply denies any evidence inconsistent with its theory of the case. This notwithstanding the fact that the Court provided Plaintiff an opportunity to revise their initial deficient 56.1 Statement on this very ground. For example, in response to Defendant's statement, supported by deposition testimony, that "[c]onstruction work . . . began prior to 2007," Plaintiff responds, "[d]enied except admit that construction work at the . . . project took place along with excavation in 2007," without citing any evidence whatsoever. (Pl.'s Resp. to Def.'s 56.1 Stmt. ¶ 31.) Further, in response to Defendant's statement, supported by evidence, that "[b]y July 6, 2007 excavation for the Armory Plaza project was '100% complete,'" Plaintiff simply responds "[d]enied." (*Id.* ¶ 44.) This is not enough at the summary judgment stage.

"When [a summary judgment] motion is made, we go beyond the paper allegations of the pleadings, which were enough to survive the common law demurrer. The time has come . . . 'to

put up or shut up.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting Fleming James, Jr. & Geoffrey C. Hazard, Jr., *Civil Procedure* 150 (2d ed. 1977)). Plaintiff's failure to cite to any evidence supporting its contention that any damage occurred to its Building in 2007 is fatal to its claims. "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment is hereby granted and Plaintiff's claims are dismissed with prejudice.

Dated: Brooklyn, New York
      September 10, 2018	SO ORDERED:

                                            /s/LDH
                                    LaSHANN DeARCY HALL
                                    United States District Judge